IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BANKS, | : | 1:13-cv-2899 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Susan E. Schwab |
| TROY TYSON, | : | |
| | : | |
| Defendant. | : | |

# ORDER

**August 7, 2015**

**AND NOW**, upon consideration of the Report and Recommendation of United States Magistrate Judge Susan E. Schwab (Doc. 59), recommending that Defendant's Motion for Summary Judgment (Doc. 30) be granted and, after an independent review of the record, and noting that Plaintiff filed objections[1] (Doc. 61) to the report on August 3, 2015, and the Court finding Judge Schwab's analysis to be thorough, well-reasoned, and fully supported by the record, and the Court

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinksi v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id*. (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008).

further finding Plaintiff's objections[2] to be without merit and squarely addressed by the Magistrate Judge within her report, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Schwab (Doc. 59) is **ADOPTED** in its entirety.

2. The Defendant's Motion for Summary Judgment (Doc. 30) is **GRANTED**.

3. The Clerk of Court is directed to **CLOSE** the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Judge

---

[2] The Plaintiff's "objections" to the Report and Recommendation do not contain legal arguments targeting the Magistrate Judge's treatment of the Defendant's summary judgment motion. Rather, Plaintiff discusses what he considers to be outstanding discovery requests and other complaints with the progress of his case. The Court has reviewed the docket in this matter and notes that Magistrate Judge Schwab carefully managed the discovery process in this case, including conducting a telephone status conference in January of this year. Banks has been advised that discovery in this matter was closed in February of 2015. Yet, rather than appropriately litigate the pending summary judgment motion, Banks continues to focus on extraneous "discovery" matters that are not before the Court. Despite being directed to respond to the pending summary judgment motion by the Magistrate Judge, Banks has failed to do so, thus it is entirely appropriate for the Magistrate Judge to deem the Defendant's statement of material facts ans unopposed.